## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **DENVER FENTON ALLEN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **VS.** | : | **NO. 5:25-cv-213-TES-CHW** |
| | : | |
| | : | |
| **JOE WILLIAMS, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## <u>ORDER</u>

Pro se Plaintiff Denver Fenton Allen, a prisoner incarcerated in the Special Management Unit at the Georgia Diagnostic & Classification Prison in Jackson, Georgia, filed a 42 U.S.C. § 1983 complaint. ECF No. 1. Plaintiff neither paid the filing fee nor moved to proceed *in forma pauperis*. Plaintiff, however, may not proceed without paying the filing fee in full because he has three strikes under the Prison Litigation Reform Act ("PLRA") and he has not alleged facts demonstrating an "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff's complaint is, therefore, **DISMISSED** for the reasons set forth below**.**

Additionally, Plaintiff is **ORDERED** to **SHOW CAUSE**, within **FOURTEEN DAYS** of the date of this Order why he should not be sanctioned under Rule 11 of the Federal Rules of Civil Procedure for his repeated filing of frivolous, illegible complaints and abuse of judicial process.

## I.    DISMISSAL PURSUANT TO 28 U.S.C. § 1915(g)

Under 28 U.S.C. § 1915(g), a prisoner is barred from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This is known as the "three strikes provision." A prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is (1) frivolous, (2) malicious, or (3) fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike"). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* is forbidden "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Medberry*, 185 F.3d at 1192.

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed approximately forty-eight federal civil complaints and at least three of these complaints have been dismissed as frivolous or malicious or for failure to state a claim. *See, e.g., Allen v. U.S. District Court (Rome) Northern Dist.,* 4:14-cv-205-HLM, ECF No. 3 (N.D. Ga. Sept. 12, 2014) (recommending dismissal of "wholly incredible" complaint as frivolous), *report and recommendation adopted*, ECF No. 6 (N.D. Ga. Sept. 12, 2014) (order adopting

recommendation and dismissing complaint as frivolous and for failure to state a claim); *Allen v. Goss*, 4:14-cv-00229-HLM, ECF No. 3 (N.D. Ga. Sept. 12, 2014) (recommending dismissal of "wholly incredible" complaint as frivolous), *report and recommendation adopted*, ECF No. 6 (N.D. Ga. Sept. 26, 2014) (order adopting recommendation and dismissing complaint as frivolous and for failure to state a claim); *Allen v. Milsap*, 4:12-cv-290-HLM-WEJ, ECF No. 4 (N.D. Ga. Dec. 11, 2012) (recommending dismissal of "wholly incredible" complaint as frivolous), *report and recommendation adopted*, ECF No. 6 (N.D. Ga. Jan. 2, 2013) (order adopting recommendation and dismissing complaint because "allegations are wholly incredible and claims are frivolous"); *Allen v. Owens*, 1:12-cv-143-JRH-WLB, ECF No. 7 (S.D. Ga. Nov. 7, 2012) (recommending dismissal for failure to state a claim), *report and recommendation adopted*, ECF No. 9 (N.D. Ga. Dec. 5, 2012) (order adopting recommendation to dismiss for failure to state a claim); *Allen v. Brown*, 1:12-cv-52-JRH-WLB, ECF No. 26 (S.D. Ga. March 7, 2013) (recommending dismissal for failure to state a claim and abuse of the judicial process), *report and recommendation adopted*, ECF No 29 (S.D. Ga. Apr. 1, 2013) (order adopting recommendation and dismissing action); *Allen v. Georgia*, 1:18-cv-4905-CAP, ECF No. 3 (N.D. Ga. Nov. 15, 2018) (noting that Plaintiff has three or more strikes and collecting cases), *report and recommendation adopted*, ECF No. 6 (N.D. Ga. Dec. 10, 2018) (order adopting recommendation and dismissing based on strikes).

Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious

physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Off.*, 334 Fed. App'x 278, 279 (11th Cir. 2009) (per curiam) (quoting *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

This complaint suffers from the same flaws as many of Plaintiff's complaints. Plaintiff names at least ninety-five defendants, including many that are patently frivolous, such as Africa, Asia, North America, South America, Central America, Australia, Antarctica, and Facebook. ECF No. 1 at 1. These are obviously not persons acting under color of state law subject to § 1983 liability or federal officials liable under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plus, these Defendants have no connection whatsoever to Plaintiff. Additionally, most of the complaint is illegible. *See* ECF No. 1 at 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24, 26, 28, 30, 32, 34, 36, 38, 40, 42, 44, 46. The Court previously warned Plaintiff that "[a] complaint [which] cannot be clearly read is subject to dismissal." *Allen v. All 7 Continents World Class*, 5:25-cv-187-TES-CHW, ECF No. 3 at 3 (M.D. Ga. May 7, 2025) (order dismissing complaint and stating that "much of Plaintiff's complaint is illegible and indecipherable gibberish"). Yet Plaintiff continues to file illegible

4

complaints.

The complaint's illegibility makes it virtually impossible to know about what Plaintiff is complaining. He seems to complain about numerous issues without providing detail for any. Plaintiff states that a September 22, 2009 "overdosing" caused him to suffer priapism and "perm. (sic) nerve, hormonal damage to penus (sic)." ECF No. 1 at 19. He maintains that he has suffered from "stutter priapism in sleep since" September 29, 2009. *Id*. at 29. He opines that this might cause him to suffer a "possible death by heart attack." *Id*. at 45. He states that his "bowel obstruction" which he has had since November 30, 2013, "is fatal [without] enema/cholon (sic) hydrotherapy or a surgical procedure." *Id*. at 21. Without any additional detail (or at least without any additional detail that is legible), Plaintiff states he has had an "ENT infect[ion]" since November 18, 2003; has pain in his knee, back, and right arm; and suffers from numerous mental health issues. *Id*. at 37, 45. Without any legible detail, he complains of perjury, false evidence, police brutality, "sexually [and] racially charged acts of discrimatory [sic] beatings" by unnamed officers. *Id*. at 25, 39. Finally, Plaintiff indicates that the food at various Georgia prisons and jails is being "poisoned." *Id*. at 35. Plaintiff seeks $500,000,000,000,000,000,000, a "Fleet enema," and Ultram and Lupron for his priapism. *Id*. at 37; 39.

Plaintiff's allegations fail to demonstrate he is currently facing "an imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff provides little in the way of detail about his various medical complaints. Plaintiff has been complaining about a bowel blockage and priapism for years. *See Allen v. Pannell,* 1:19-cv-535-CAP, ECF

No. 3 (N.D. Ga. Feb. 15, 2019) (finding Plaintiff failed to show imminent danger where "it does not appear that Plaintiff's alleged bowel blockage is being ignored" and "the alleged blockage has not, for more than five years, actually caused any injury that has been quantified by Plaintiff except in general terms"), *report and recommendation adopted*, ECF No. 5 (N.D. Ga. Mar. 19, 2019); *Allen v. Georgia*, 5:18-cv-0469-MTT-CHW, ECF No. 5 (M.D. Ga. May 16, 2019) (recommendation noting that "plaintiff has . . . been complaining about this same alleged bowel obstruction for at least five years, leading courts to conclude that the condition does not place plaintiff in *imminent* danger of serious physical injury"), *report and recommendation adopted*, ECF No. 7 (M.D. Ga. Aug. 9, 2019); *Allen v. Central State Hosp.*, 5:17-cv-301-MTT-CHW, ECF No. 9 (M.D. Ga. Oct. 5, 2017) (recommendation finding that Plaintiff's twenty-two listed medical conditions, including priapism and bowel blockage, do not present an imminent danger of serious physical injury), *report and recommendation adopted*, ECF No. 13 (M.D. Ga. March 13, 2018).  Plaintiff does not allege that the conditions from which he has suffered for years have worsened so that they present an "imminent," serious threat to his health. Plaintiff's statements that priapism may make him suffer "a possible death by heart attack" or that his bowel blockage may be "fatal" unless he is given an enema or other medical intervention is nothing more than speculation, which fails to show an "imminent danger of serious physical injury."  28 U.S.C. § 1915(g); ECF No. 1 at 21, 45.

Because Plaintiff did not pay the filing fee at the time he initiated this suit, the complaint must be dismissed.  *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) ("The prisoner cannot simply pay the filing fee after being denied *in*

*forma pauperis* status. He must pay the filing fee at the time he initiates the suit."). When

§ 1915(g) bars a prisoner from proceeding, "the proper procedure is . . . to dismiss the

complaint without prejudice." *Id*.

It is, therefore, **ORDERED** that Plaintiff's complaint is **DISMISSED** without

prejudice.

## II.    ORDER TO SHOW CAUSE

This is far from Plaintiff's first civil action.  Plaintiff has filed at least twenty-

three civil actions in this Court alone.[1]   He filed fifteen[2] of those twenty-three within

---

[1] *Allen v. Central State Hospital*, 5:17-cv-301-MTT-CHW (M.D. Ga. Aug. 7, 2017); *Allen v. You Tube Com*, 5:17-cv-311-LAG-CHW (Aug. 14 2017); *Allen v. Johnson*, 5:17-cv-345-LAG-CHW (M.D. Ga. Sept. 8, 2017);  *Allen v. USA*, 5:17-cv-00378-MTT-MSH (M.D. Ga. Oct. 6, 2017); *Allen v. State of Georgia*, 5:18-cv-469-MTT-CHW (M.D. Ga. Dec. 26, 2018); *Allen v. North America*, 5:23-cv-472-MTT-MSH (M.D. Ga. Nov. 27, 2023); *Allen v. North American Government*, 5:23-cv-513-TES-MSH (M.D. Ga. Dec. 21, 2023); *Allen v. Tillman*, 5:24-cv-11-MTT-MSH (M.D. Ga. Jan. 8, 2024); *Allen v. GBI*, 5:25-cv-223-MTT-AGH (M.D. Ga. July 10, 2024); *Allen v. Officer Porres*, 5:24-cv-224-MTT-AGH (M.D. Ga. July 10, 2024); *Allen v. Monterrey*, 5:24-cv-225-MTT-AGH (M.D. Ga. July 20, 2024); *Allen v. World Class Action All Seven Continents*, 5:24-cv-226-MTT-AGH (M.D. Ga. July 10, 2024); *Allen v. World All Seven Continents*, 5:24-cv-245-MTT-CHW (M.D. Ga. July 22, 2024); *Allen v. World Class Action All Seven Continents*, 5:25-cv-71-TES-AGH (M.D. Ga. Feb. 24, 2025); *Allen v. World Class Action All Seven Continents*, 5:25-cv-186-TES-AGH (M.D. Ga. May 6, 2025); *Allen v. All 7 Continents World Class*, 5:25-cv-187-TES-CHW May 6, 2025); *Allen v. Rowles*, 5:25-cv-204-TES-CHW (M.D. Ga. May 15, 2025); *Allen v. World Health Organization*, 5:25-cv-206-TES-CHW (M.D. Ga. May 15, 2025); *Allen v. World Health Organization*, 5:25-cv-207-TES-CHW (M.D. Ga. May 15, 2025); *Allen v. Brown*, 5:25-cv-208-TES-CHW (M.D. Ga. May 15, 2025); *Allen v. Jackson State Prison*, 5:25-cv-00209-TES-CHW (M.D. Ga. May 15, 2025); *Allen v. World Health Organization*, 5:25-cv-211-TES-CHW (M.D. Ga. May 15, 2025); *Allen v. Williams*, 5:25-cv-213-TES-CHW (M.D. Ga. May 15, 2025).

[2] *Allen v. GBI*, 5:25-cv-223-MTT-AGH (M.D. Ga. July 10, 2024); *Allen v. Officer Porres*, 5:24-cv-224-MTT-AGH (M.D. Ga. July 10, 2024); *Allen v. Monterrey*, 5:24-cv-225-MTT-AGH (M,D, Ga. July 20, 2024); *Allen v. World Class Action All Seven Continents*, 5:24-cv-226-MTT-AGH (M.D. Ga. July 10, 2024); *Allen v. World All Seven Continents*,

the past twelve months, and he filed nine of those fifteen within the past month.[3]  The Court dismissed every one of those twenty-three actions prior to service on any Defendant because (1) Plaintiff failed to follow Court's orders, (2) Plaintiff was barred from proceeding *in forma pauperis* because of his strikes and failure to credibly allege imminent danger, and/or (3) Plaintiff's allegations were frivolous, incredible, or ridiculously outlandish.  *See, e.g.*, *Allen v. You Tube Com.*, 5:17-cv-311-LAG-CHW, ECF No. 11 (M.D. Ga. Sept. 18, 2017) (order dismissing action after finding Plaintiff has three-strikes and his statement that he "could get killed by the hit from King David in Asian" was "too vague, fanciful, and conclusory to satisfy the imminent danger standard"); *Allen v Johnson*, 5:17-cv-345-LAG-CHW, ECF No. 4 (M.D. Ga. Oct. 27,

---

5:24-cv-245-MTT-CHW (M.D. Ga. July 22, 2024); *Allen v. World Class Action All Seven Continents*, 5:25-cv-71-TES-AGH (M.D. Ga. Feb. 24, 2025); *Allen v. World Class Action All Seven Continents*, 5:25-cv-186-TES-AGH (M.D. Ga. May 6, 2025); *Allen v. All 7 Continents World Class*, 5:25-cv-187-TES-CHW May 6, 2025); *Allen v. Rowles*, 5:25-cv-204-TES-CHW (M.D. Ga. May 15, 2025); *Allen v. World Health Organization*, 5:25-cv-206-TES-CHW (M.D. Ga. May 15, 2025); *Allen v. World Health Organization*, 5:25-cv-207-TES-CHW (M.D. Ga. May 15, 2025); *Allen v. Brown*, 5:25-cv-208-TES-CHW (M.D. Ga. May 15, 2025); *Allen v. Jackson State Prison*, 5:25-cv-00209-TES-CHW (M.D. Ga. May 15, 2025); *Allen v. World Health Organization*, 5:25-cv-211-TES-CHW (M.D. Ga. May 15, 2025); *Allen v. Williams*, 5:25-cv-213-TES-CHW (M.D. Ga. May 15, 2025).

[3] *Allen v. World Class Action All Seven Continents*, 5:25-cv-186-TES-AGH (M.D. Ga. May 6, 2025); *Allen v. All 7 Continents World Class*, 5:25-cv-187-TES-CHW May 6, 2025); *Allen v. Rowles*, 5:25-cv-204-TES-CHW (M.D. Ga. May 15, 2025); *Allen v. World Health Organization*, 5:25-cv-206-TES-CHW (M.D. Ga. May 15, 2025); *Allen v. World Health Organization*, 5:25-cv-207-TES-CHW (M.D. Ga. May 15, 2025); *Allen v. Brown*, 5:25-cv-208-TES-CHW (M.D. Ga. May 15, 2025); *Allen v. Jackson State Prison*, 5:25-cv-00209-TES-CHW (M.D. Ga. May 15, 2025); *Allen v. World Health Organization*, 5:25-cv-211-TES-CHW (M.D. Ga. May 15, 2025); *Allen v. Williams*, 5:25-cv-213-TES-CHW (M.D. Ga. May 15, 2025).

2017) (order dismissing under § 1915(g) a complaint in which Plaintiff claimed he was falsely imprisoned and sought "5 trillion in gold bars, 10,000 acres of prime land in all 50 states, and an interest in cash crops"); *Allen v. North America*, 5:23-cv-472-MTT-MSH, ECF No. 4 (M.D. Ga. Feb. 8, 2024) (recommending dismissal under § 1915(g) and finding that Plaintiff's "stuttering priapism, brain damage, [] bowel obstruction, [] infection caused by his nose being broken, hernias, ingrown wisdom teeth, abscessed teeth, and multiple spinal fractures[,]" all of which had existed for "many years[,]" did not show imminent danger and his claim that the governments of all seven continents were falsifying his medical records was delusional) *report and recommendation adopted*, ECF No. 5 (M.D. Ga. March 5, 2024).

On May 15, 2025, the Court docketed Plaintiff's seven most recent § 1983 and *Bivens* complaints. *Allen v. Rowles*, 5:25-cv-204-TES-CHW (M.D. Ga. May 15, 2025); *Allen v. World Health Organization*, 5:25-cv- 206-TES-CHW (M.D. Ga. May 15, 2025); *Allen v. World Health Organization*, 5:25-cv-207-TES-CHW (M.D. Ga. May 15, 2025); *Allen v. Brown*, 5:25-cv-208-TES-CHW (M.D. Ga. May 15, 2025); *Allen v. Jackson State Prison*, 5:25-cv-209-TES-CHW (M.D. Ga. May 15, 2025); *Allen v. Word Health Organization*, 5:25-cv- 211-TES-CHW (M.D. Ga. May 15, 2025); *Allen v. Williams*, 5:25-cv-213-TES-CHW (M.D. Ga. May 15, 2025). In every one of these complaints, Plaintiff wrote illegibly; named numerous defendants that have no possible connection to Plaintiff and that are not subject to liability under § 1983 or *Bivens*; and made the same general complaints regarding his bowel blockage and priapism, conditions about which he has lodged the same general complaints for years. *See, e.g., Allen v. Jackson State Prison*,

9

5:25-cv-209-TES-CHW, ECF No. 1 (M.D. Ga. May 15, 2025) (sixty-one-page complaint in which at least thirty of the pages are completely illegible); *Allen v. World Health Organization*, 5:25-cv-206-TES-CHW, ECF No. 1 (M.D. Ga. May 15, 2025) (complaint in which Plaintiff names the World Health Organization, "all 7 continents," and the Food and Drug Administration as Defendants).

Much of what Plaintiff files in the Court is absolute nonsense. For example, in a complaint naming approximately thirty-five Defendants (including Africa, Asia, Australia, and Antarctica among others), Plaintiff alleged that for seven years various numbers (not individuals) "paid to smash [him] all day . . . if [he] get[s] a cup of coffee or [his] pill call . . . ." *Allen v. Brown*, 5:25-cv-208-TES-CHW, ECF No. 1 at 3 (M.D. Ga. May 15, 2025). Plaintiff refers to himself as an attorney, "Don Corleone," "Vito Genovese," and "Mostro Mobbs." *Allen v. Jackson State Prison*, 5:25-cv-209-TES-CHW, ECF No. 1 at 1, 3 (M.D. Ga. May 15, 2025). Plaintiff's requests for relief are no less delusional than the various names he uses, the entities he seeks to sue, and his various claims. For example, Plaintiff has requested that the Court grant him the "entire Fort Knox gold bars . . . held by [the] U.S. Treasury" and "copyrights over World Health Org. all 7 continents." *Id*. at 21; *Allen v. Rowles*, 5:25-cv-204-TES-CHW, ECF No. 1 at 9 (M.D. Ga. May 15, 2025) (complaint in which Plaintiff requests damages in the amount of "$500,000,000,000,000,000,000,000,000,000" and that he be given a "new Fleet enema, along with a "sole proprietorship over FDA [and the] World Health Organization on all seven continents").

Plaintiff's insistence on repeatedly filing nonsensical, frivolous, illegible civil

actions in this Court is both vexatious and abusive. "Access to the courts is unquestionably a right of considerable constitutional significance" but it "is neither absolute nor unconditional." *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008) (citations omitted). "Conditions and restrictions on each person's access are necessary to preserve the judicial resources for all other persons. Frivolous and vexatious lawsuits threaten the availability of a well-functioning judiciary to all litigants." *Id*. "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Klayman v. DeLuca*, 712 F. App'x 930, 932–33 (11th Cir. 2017) (per curiam) (quoting *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc) (per curiam)). "[D]istrict courts are authorized by the All Writs Act, 28 U.S.C. § 1651(a), to restrict access to vexatious and abusive litigants." *Miller*, 541 F.3d at 1096.

Such restrictions should be measured and tailored to the specific circumstances, and they must still protect litigants' access to the courts. *See Smith v. United States*, 386 F. App'x 853, 857 (11th Cir. 2010). For example, the Eleventh Circuit has

> upheld an injunction prohibiting a frequent litigant from filing any new actions against his former employer without first obtaining leave of the court; an injunction directing the clerk to mark any papers submitted by a frequent litigant as received but not to file the documents unless a judge approved them for filing; and an injunction ordering a frequent litigant to send all pleadings to a judge for prefiling approval.

*Id*. (citations omitted). Additionally, in *Cofield v. Alabama Public Service Commission*, the district court dismissed with prejudice all of a prisoner-plaintiff's pending suits and ordered him "to pay the full filing fees for all future lawsuits and to seek judicial approval

for any complaints or papers filed in the future." 936 F.2d 512, 514 (11th Cir. 1991). On appeal, the Eleventh Circuit held that, as to the dismissal of all the pending suits, "the district court did not abuse its discretion because the cases were all frivolous." *Id*. at 515–16. And as to the injunction, the Eleventh Circuit affirmed the provision requiring the plaintiff to obtain leave of court before filing, although it reversed the provision denying him *in forma pauperis* status in all future cases. *Id*. at 516–19. The law, therefore, provides ample authority for this Court to sanction Plaintiff for his behavior.

Because Plaintiff continues to file frivolous civil actions even after accruing three strikes for § 1915(g) purposes, it is **HEREBY ORDERED** that Plaintiff **RESPOND** and **SHOW CAUSE** why he should not be sanctioned under Rule 11 of the Federal Rules of Civil Procedure for his repeated filing of illegible, frivolous pleadings in this Court and blatant abuse of the judicial process. Plaintiff's response to this Show Cause Order must be submitted within **FOURTEEN (14) DAYS** of the date of this Order. Sanctions to be considered by this Court include, but are not limited to, a prohibition against future pro se filings. See *Diarra v. Food and Drug Administration,* 5:22-cv-33-TES-CHW, ECF No. (sanctioning Moussa Diarra by restricting his ability to file further civil actions in the Middle District of Georgia for one year); *Cobble v. v. Neely*, 1:18-cv-172-LAG, ECF No. 19 (M.D. Ga. Jan. 31, 2019) (sanctioning Daniel Eric Cobble by restricting his ability to file any further civil actions in the Middle District of Georgia for two years); *Cobble v. Unnamed*, 1:16-CV-3714-SCJ, ECF No. 5 (N.D. Ga. Oct. 27, 2016) (sanctioning Daniel Eric Cobble by restricting his ability to file any further civil actions in the Northern District of Georgia for one year).

In conclusion, Plaintiff's current action is **DISMISSED** without prejudice because he may not proceed *in forma pauperis*.  Additionally, Plaintiff is **ORDERED** to respond within **FOURTEEN (14) DAYS** and **SHOW CAUSE** why he should not be sanctioned under Rule 11 of the Federal Rules of Civil Procedure.

**SO ORDERED**, this 4th day of June, 2025.

S/ Tilman E. Self, III
_____     **TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**