IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DENVER FENTON ALLEN,** : | |
| : | |
| Plaintiff, : | |
| : | |
| VS. : | NO. 5:25-cv-213-TES-CHW |
| : | |
| **JOE WILLIAMS, et al.,** : | |
| : | |
| Defendants. : | |
| : | |

# ORDER

On June 4, 2025, the Court dismissed Plaintiff Denver Fenton Allen's complaint in the above-captioned case based on the three-strikes rule in 28 U.S.C. § 1915(g) and ordered Allen to show cause within fourteen (14) days why he should not be sanctioned under Rule 11 of the Federal Rules of Civil Procedure for his repeated filing of frivolous, illegible pleadings in this Court. ECF No. 3.

That Order provided details regarding the numerous frivolous and illegible complaints that Allen filed in this Court. *Id*. at 2-3, 7-9. The Court notified Allen that his "insistence on repeatedly filing nonsensical, frivolous, illegible civil actions in this Court is both vexatious and abusive." *Id*. at 10-11. The Court informed Allen that, absent a response to the Show Cause Order, the Court would impose sanctions, which could include prohibitions against future filings. *Id*. at 12. Allen did not respond to the Show Cause Order.

"Access to the courts is unquestionably a right of considerable constitutional

significance." *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008) (citations omitted). But it "is neither absolute nor unconditional." *Id*. (citation omitted). "Conditions and restrictions on each person's access are necessary to preserve the judicial resources for all other persons. Frivolous and vexatious lawsuits threaten the availability of a well-functioning judiciary to all litigants." *Id*. "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Klayman v. DeLuca*, 712 F. App'x 930, 932–33 (11th Cir. 2017) (per curiam) (quoting *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc) (per curiam)). "[D]istrict courts are authorized by the All Writs Act, 28 U.S.C. § 1651(a), to restrict access to vexatious and abusive litigants." *Miller*, 541 F.3d at 1096. The Eleventh Circuit has upheld restrictions that are measured and tailored to the particular circumstances and that still protect the litigant's access to the Court, such as requiring a frequent litigant to get judicial approval prior to filing a pleading. *See United States v. Morse*, 532 F.3d 1130, 1133 (11th Cir. 2008) (per curiam) (collecting cases); *Cofield v. Ala. Public Serv, Comm'n*, 936 F.2d 512, 514–19 (11th Cir. 1991); *Cobble v United States*, 816 F. App'x 355, 360 (11th Cir. 2020) (per curiam).

Because Allen has engaged in a well-documented practice of filing frivolous, illegible, and vexatious litigation[1] and has failed to show cause why he should not be

---

[1] *Allen v. World Class Action All Seven Continents*, 5:25-cv-252-TES-CHW, ECF No. 3 (M.D. Ga. June 25, 2025) (order denying motion to proceed *in forma pauperis* and dismissing action, finding Allen has three strikes, did not allege imminent damage, much of the complaint is illegible, and many named defendants are patently frivolous); *Allen v.*

2

---

*World Class Action All Seven Continents,* 5:25-cv-186-TES-AGH, ECF No. 3 (M.D. Ga. May 15, 2025) (order denying motion to proceed *in forma pauperis* and dismissing action, finding Allen has three strikes, failed to allege imminent danger, and most of the complaint is "illegible and indecipherable gibberish"); *Allen v. All Seven Continents World Class*, 5:25-cv-187-TES-CHW, ECF No. 3 (M.D. Ga. May 7, 2025) (order denying motion to proceed *in forma pauperis* and dismissing action, finding Allen has three strikes, failed to allege imminent danger, and most of the complaint is "illegible and indecipherable gibberish"); *Allen v. Rowles*, 5:25-cv-204-TES-CHW, ECF No. 3 (M.D. Ga. June 6, 2025) (order denying motion to proceed *in forma pauperis* and dismissing action, finding Allen has three strikes, failed to allege imminent danger, named defendants that are patently frivolous, and much of the complaint is illegible); *Allen v. World Health Organization*, 5:25-cv-206-TES-CHW, ECF No. 3 (M.D. Ga. June 15, 2025) (order denying motion to proceed *in forma pauperis* and dismissing action, finding Allen has three strikes, failed to allege imminent danger, and the complaint is illegible and indecipherable); *Allen v. World Health Organization*, 5:25-cv-207-TES-CHW, ECF No. 3 (M.D. Ga. May 29, 2025) (order denying motion to proceed *in forma pauperis* and dismissing action, finding Allen has three strikes, failed to allege imminent danger, and much of the complaint is illegible and indecipherable); *Allen v. Brown,* 5:25-cv-208-TES-CHW, ECF No. 3 (M.D. Ga. May 29, 2025) (order denying motion to proceed *in forma pauperis* and dismissing action, finding Allen has three strikes, failed to allege imminent danger, and most of the complaint is illegible "nonsense"); *Allen v. Jackson State Prison,* 5:25-cv-00209-TES-CHW, ECF No. 3 (M.D. Ga. May 29, 2025) (order denying motion to proceed *in forma pauperis* and dismissing action, finding Allen has three strikes, failed to allege imminent danger, named patently frivolous defendants, and much of the complaint is illegible); *Allen v. World Health Organization*, 5:25-cv-211-TES-CHW, ECF No. 3 (M.D. Ga. June 4, 2025*)* (order denying motion to proceed *in forma pauperis* and dismissing action, finding Allen has three strikes, failed to allege imminent danger, named patently frivolous defendants, and the complaint is illegible and indecipherable); *Allen v. Williams*, 5:25-cv-213-TES-CHW, ECF No. 3 (M.D. Ga. June 4, 2025) (order denying motion to proceed *in forma pauperis* and dismissing action, finding Allen has three strikes, failed to allege imminent danger, named patently frivolous defendants, and the complaint is illegible); *Allen v. World Class Action All Seven Continents,* 5:25-cv-71-TES-AGH, ECF No. 4 (M.D. Ga. Feb. 27, 2025) (order denying motion to proceed *in forma pauperis*, finding Allen has three strikes, failed to allege imminent danger, and most of the complaint is "illegible and indecipherable gibberish"); *Allen v. World All Seven Continents*, 5:24-cv-245-MTT-CHW, ECF No. 3 (M.D. Ga. Aug. 13, 2024) (order denying motion to proceed *in forma pauperis*, finding Allen had three strikes, failed to allege imminent danger, and the complaint is "completely illegible or otherwise indecipherable"); *Allen v. World Class Action All Seven Continents*, 5:24-cv-226-MTT-AGH, ECF No. 2 (M.D. Ga. July 12, 2024) (order denying motion to proceed *in forma pauperis*, finding Allen has three strikes, failed to allege imminent danger, and most of the complaint is "illegible and indecipherable gibberish"); *Allen v. North America,* 5:23-cv-472-MTT-MSH, ECF No. 4 (M.D. Ga. Feb. 8, 2024)

3

sanctioned, the Court **HEREBY ORDERS** as follows:

(1)    For a period of one year (to run from the date that this Order is filed) on all civil actions Allen seeks to initiate, the Clerk of Court shall receive the papers that Allen submits, open a miscellaneous case number, and forward the documents to the presiding District Judge to determine whether Allen qualifies as indigent and whether he has stated a claim with any arguable merit. Upon receipt, the Court will read and consider Allen's pleadings. Only if a given pleading alleges a plausible claim for relief will the Court allow it to be filed.

(2)    With the exception of notices of appeal and motions to proceed on appeal

---

(recommending that motion to proceed *in forma pauperis* be denied because Allen has three strikes and his allegations of imminent danger are entirely fanciful and irrational), *report and recommendation adopted*, ECF No. 5 (M.D. Ga. March 5, 2024); *Allen v. State of Ga.*, 5:18-cv-469-MTT-CHW, ECF No. 5 (M.D. Ga. May 16, 2019) (recommending that motion to proceed *in forma pauperis* be denied because Allen has three strikes and his claims of imminent danger rise to the level of being irrational or wholly incredible), *report and recommendation adopted*, ECF No. 7 (M.D. Ga. Aug. 9, 2019); *Allen v. You Tube Com.*, 5:17-cv-311-LJA-CHW, ECF No. 11 (M.D. Ga. Sept. 18, 2017) (order denying motion to proceed *in forma pauperis* and dismissing complaint, finding Allen has three strikes and his allegation of imminent danger—that he "could get killed by the hit from king David in Asian"—is fanciful); *Allen v. U.S. District Court (Rome) Northern Dist.*, 4:14-cv-205-HLM, ECF No. 3 (N.D. Ga. Sept. 12, 2014) (recommending dismissal of "wholly incredible" complaint as frivolous), *report and recommendation adopted*, ECF No. 6 (N.D. Ga. Sept. 12, 2014); *Allen v. Goss*, 4:14-cv-00229-HLM, ECF No. 3 (N.D. Ga. Sept. 12, 2014) (recommending dismissal of "wholly incredible" complaint as frivolous), *report and recommendation adopted*, ECF No. 6 (N.D. Ga. Sept. 26, 2014); *Allen v. Milsap*, 4:12-cv-290-HLM-WEJ, ECF No. 4 (N.D. Ga. Dec. 11, 2012) (recommending dismissal of "wholly incredible" complaint as frivolous), *report and recommendation adopted*, ECF No. 6 (N.D. Ga. Jan. 2, 2013); *Allen v. Brown*, 1:12-cv-52-JRH-WLB, ECF No. 26 (S.D. Ga. March 7, 2013) (recommending dismissal for failure to state a claim and abuse of the judicial process), *report and recommendation adopted*, ECF No 29 (S.D. Ga. Apr. 1, 2013).

*in forma pauperis*, the Clerk of Court shall docket motions or papers in any previously dismissed case as a notice of filing rather than a motion. Such documents shall be retained for appellate and historical purposes only. If a notice of appeal is filed in any previously dismissed case, the Clerk of Court shall forward a copy of this Order, the notice of appeal, and the dismissed complaint or petition to the Eleventh Circuit Court of Appeals. Allen shall remain responsible for appellate filing fees (or he may move in this Court to appeal *in forma pauperis*, per Rule 24 of the Federal Rules of Appellate Procedure).

These filing restrictions do not apply to any criminal case in which Allen is named as a defendant, or to any proper (i.e., non-successive) application for a writ of habeas corpus. The Court notes, however, that Allen simply labeling a pleading as "habeas corpus" will not escape this Order because substance—not form—governs. The Court will review all filings regardless of how they are styled in accordance with the parameters set forth above.

Once these restrictions expire, Allen must ensure that any future litigation he commences follows the Federal Rules of Civil Procedure and this Court's Local Rules. Failure to do so may result in the Court re-imposing these restrictions for a longer duration.

**SO ORDERED**, this 2nd day of July, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**